Li An WANG, Petitioner,

v.

Alberto R. GONZALES,* Respondent.

No. 03–4656–AG NAC.

United States Court of Appeals, Second Circuit.

Dec. 21, 2005.

Thomas V. Massucci, New York, New York, for Petitioner.

Eric F. Melgren, United States Attorney for the District of Kansas, (Brent I. Anderson, Assistant United States Attorney, on the brief), Wichita, Kansas, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. GUIDO CALABRESI, and Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Li An Wang, through counsel, petitions for review of the BIA decision, entered on

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Alberto R. Gonzales is automatically substituted for predecessor, John Ashcroft, as the respondent in this case.

320

March 6, 2003, denying his motion to reconsider the BIA's order summarily affirming an immigration judge's decision denying his application for asylum and withholding of removal under 8 U.S.C. § 1231(b)(3). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reconsider for abuse of discretion. *See Iavorski v. INS,* 232 F.3d 124, 128 (2d Cir.2000). The BIA abuses its discretion where its decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001). A motion to reconsider must specify errors of fact or law in the BIA's decision and be supported with pertinent authority. *See* 8 C.F.R. § 1003.2(b); *Zhao,* 265 F.3d at 90.

In this case, the BIA's decision denying Wang's motion to reconsider did not constitute an abuse of discretion. Wang raised all of his claims, with one exception, on his initial appeal to the BIA. None of the arguments contained in Wang's motion to reconsider pointed to any errors of fact or law in the BIA's prior decision. Wang's argument that the BIA abused its discretion in failing to consider his claim that he would face persecution upon return to China for illegal departure fails. The argument easily could have been raised before and is otherwise a failing argument, as persecution of this type is not on "account of" one of the enumerated grounds for asylum relief under 8 U.S.C. § 1101(a)(42).

Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).